### JONATHAN MILLS MANUF'G CO. v. WHITEHURST et al.

#### (Circuit Court, S. D. Ohio, E. D.   February 3, 1894.)

#### No. 631.

LACHES—PATENT SUITS—DELAY IN SETTING UP DEFENSE.
> In a suit for infringement of a patent the doctrine of laches does not apply to delay short of the statutory limitation in setting up the defense that plaintiff had no right in the patent which he sues on.

In Equity. Suit by the Jonathan Mills Manufacturing Company against M. C. Whitehurst and others for infringement of letters patent No. 267,098, issued November 7, 1882, to Jonathan Mills, for an improvement in machines for bolting flour. A decree for complainant was heretofore granted. 56 Fed. 589. Heard on motion for rehearing. Granted.

Poole & Brown, for complainants.
George J. Murray, for respondents.

SAGE, District Judge (orally). This cause is before the court upon a petition for rehearing, setting forth that after the opinion was filed defendants' counsel for the first time learned that in a suit in the circuit court for the county of Wayne, state of Michigan, in chancery, it was determined that patent No. 267,098, upon which this suit is based, was the property of the George T. Smith Middlings Purifier Company, and that in fraud of its rights it had been transferred by George T. Smith, he holding the title, as its trustee, to his wife, Eliza B. Smith, and by her to Charles H. Plummer, whose executor was a defendant in said suit.

It was further determined that both said assignments were in fraud of the George T. Smith Middlings Purifier Company and its creditors, and the defendants were, by the decree in said cause, ordered to make the necessary transfers to vest the title to said patent (together with other patents, which had been by said George T. Smith fraudulently assigned) in the complainants in said suit, who were the receivers of said George T. Smith Middlings Purifier Company. It was also ordered that the decree itself should operate as an assignment, transfer, and release of all the right, title, and interest, legal or equitable, owned or claimed by said Eliza B. Smith, George T. Smith, or said Plummer, or any of them, at the time of filing the bill in said suit, to wit, August 13, 1890.

The petition for rehearing further sets forth that it appears from the assignment from Jonathan Mills to the complainant herein— that is to say, to the Jonathan Mills Manufacturing Company—

that said complainant had full notice of the rights of the George T. Smith Middlings Purifier Company at the time when it procured said George T. Smith to make the transfer of said patent to George Wardlow (Exhibit No. 11) on August 15, 1892, and also when it took from said Wardlow the transfer (Exhibit No. 12) on the 23d day of August 1892; that it also appears from the records of the patent office that prior to the assignment by said Mills to the complainant (Exhibit No. 13) he had on March 13, 1884, and February 1, 1886, assigned all his right in the patent upon which this suit is brought to the Cummer Engine Company of Cleveland, Ohio. It is set forth in the petition that none of said matters were known to defendants prior to the hearing and decision in this case, and that they were not ascertained, notwithstanding careful researches were made bearing upon the question of the title of said letters patent. Without entering upon details, it is sufficient to say that the affidavits filed in support of the petition support its averments. It is, however, objected that the defendants have been guilty of laches, whereby they should be barred. The objection is not well taken. If the facts be as set forth in the petition for rehearing, the complainants have no standing in court upon their suit for infringement, as they were bound to know. The doctrine of laches does not apply to such a case, unless the statute of limitations would be a bar. The rule is well stated in Lindsay Petroleum Co. v. Hurd, L. R. 5 P. C. 239, quoted with approval by Lord Blackburn in Erlanger v. Phosphate Co., 3 App. Cas. 1279, as follows:

"The doctrine of laches in courts of equity is not an arbitrary or a technical doctrine. Where it would be practically unjust to give a remedy, either because the party has, by his conduct, done that which might fairly be regarded as equivalent to a waiver of it, or where, by his conduct and neglect, he has, though perhaps not waiving that remedy, yet put the other party in a situation in which it would not be reasonable to place him if the remedy were afterwards to be asserted,—in either of these cases lapse of time and delay are most material. But in every case, if an argument against relief, which otherwise would be just, is founded upon mere delay, that delay of course not amounting to a bar by any statute of limitations, the validity of that defense must be tried upon principles substantially equitable. Two circumstances, always important in such cases, are the length of the delay and the nature of the acts done during the interval, which might affect either party, and cause a balance of justice or injustice in taking the one course or the other, so far as relates to the remedy."

The petition for rehearing will be granted.